**Matthew A. Levin, OSB #003054**
MattLevin@MHGM.com
**Stacy R. Owen, OSB #074826**
StacyOwen@MHGM.com
MARKOWITZ, HERBOLD, GLADE
 & MEHLHAF, P.C.
Suite 3000 Pacwest Center
1211 SW Fifth Avenue
Portland, OR  97204-3730
Tel:  (503) 295-3085
Fax:  (503) 323-9105

    Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **ELLISLAB, INC.**, an Oregon corporation, | CV No.: 3:12-cv-00432-HU |
| Plaintiff, | |
| vs. | **AMENDED COMPLAINT** |
| **GIPPY'S INTERNET SOLUTIONS, L.L.C.**, a Minnesota limited liability company, | **(Breach of Contract, Federal Trademark Infringement, Federal Unfair Competition/False Designation of Origin, Federal Unfair Competition/False Advertisement,** ) |
| Defendant. | **DEMAND FOR JURY TRIAL** |

Plaintiff EllisLab, Inc. states and alleges:

### THE PARTIES

1.

Plaintiff EllisLab, Inc. ("EllisLab") is a corporation duly organized and existing under the laws of the State of Oregon, with its principal place of business at 14525 SW Millikan Way, #63291, Beaverton, Oregon, 97005.  EllisLab is a fast growing technology company that develops internet-enabling software and services used by hundreds of thousands of people around the world.  It creates software applications, products and services that enable people to

Page 1 -    AMENDED COMPLAINT

use the internet in meaningful ways.  Its software products, which include ExpressionEngine, a powerful Content Management System, MojoMotor, a website publishing engine, and CodeIgniter, a tool-kit for web developers, can be purchased at http://ellislab.com/products.

1.

Defendant Gippy's Internet Solutions, L.L.C. ("Gippy's"), is a limited liability company organized under the laws of the State of Minnesota, with its principal place of business at 331 2nd Ave., Suite #540, Minneapolis, Minnesota, 55401.  Upon information and belief, each of Gippy's members are citizens of Minnesota.  Gippy's operates web hosting websites at URLs http://www.gippy.net and http://www.enginehosting.com and has an assumed business name "Engine Hosting."

## JURISDICTION AND VENUE

1.

This action arises under the Lanham Act, 15 U.S.C. §§ 1114 and 1125, and Oregon state law.  This Court has subject matter jurisdiction under 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338.  Jurisdiction is also conferred on this Court by virtue of 28 U.S.C. § 1332(a)(2) (diversity of citizenship).  This Court has supplemental jurisdiction over EllisLab's state law claim under 28 U.S.C. § 1367(a).

1.

Gippy's is subject to personal jurisdiction in the state of Oregon because Gippy's directs its unlawful conduct into this district and its unlawful conduct causes injury within this district. Gippy's has purposefully directed its unlawful conduct to the State of Oregon by advertising and soliciting business within this district through its unlawful use of EllisLab's marks as alleged below.  Gippy's also directs its business activities to the state of Oregon through the use of a fully interactive internet website, which includes options for purchasing goods and services. Gippy's also solicits business from web users within this district, and, on information and belief, sells products and services to residents of this district.  Gippy's activities in Oregon, described above, are continuous, systematic, substantial and not isolated.

Page 2 -        AMENDED COMPLAINT

1.

The amount in controversy exceeds $75,000.

1.

Venue is proper in this judicial district under 28 U.S.C. § 1391 (b)(2) because a substantial part of the events or omissions giving rise to the claims asserted occurred in this district.  Venue is also proper in this district under 28 U.S.C. § 1391(b)(1) and (c) because Gippy's may be found in this district for purposes of personal jurisdiction as alleged above.

## BACKGROUND

1.

EllisLab is a software company that was founded on the idea that business people should have the ability to maintain their website content without the need for technical expertise. EllisLab named the company, and the first iteration of its software, "pMachine" (Publishing Machine), and released the program in 2002.  Within a few months it was featured in major magazines like Macworld and MacAddict, and in a book about blogging published by McGraw/Hill.

1.

EllisLab owns the pMachine trademark for content management software.

1.

In 2004, EllisLab released the next-generation publishing system, called ExpressionEngine, and continued to develop and release software to make website maintenance easier for everyone.

1.

EllisLab owns the ExpressionEngine trademark for content management software.

1.

In 2007, EllisLab changed the name of the company to EllisLab, Inc., to better reflect its growing range of products and services.

Page 3 -       AMENDED COMPLAINT

1.

EllisLab's brand name and trademarks are widely recognized by the consuming public of the United States.

1.

EllisLab provides ExpressionEngine products in commerce in this forum and elsewhere in the United States.

1.

In order to publish a website online, a website owner needs a "web host." The web host stores the pages of a website and makes them available to computers connected to the Internet.

1.

Gippy's is a web host.

1.

In order to better serve its pMachine software customers, in 2002, EllisLab entered into an agreement with Gippy's, wherein EllisLab validly licensed its marks to Gippy's and provided a link for customers from EllisLab's website (where users could purchase EllisLab's web publishing software) to a website called www.pmachinehosting.com. At www.pmachinehosting.com, customers could purchase web hosting services tailored to work with EllisLab's web publishing software, as well as packages that bundled together both EllisLab's software and the web hosting services.

1.

EllisLab licensed its marks to Gippy's in order to drive customers to Gippy's website and to create a seamless website publishing and web hosting experience for EllisLab's customers.

1.

EllisLab and Gippy's agreed that in exchange for the license to use EllisLab's marks and the ability to serve customers originating from EllisLab's website, the parties would share the revenues generated by www.pmachinehosting.com.

Page 4 -    AMENDED COMPLAINT

1.

After EllisLab released its ExpressionEngine software, the parties decided that EllisLab would create www.enginehosting.com to better reflect its association with ExpressionEngine, and agreed that in exchange for Gippy's use of EllisLab's marks and the ability to serve customers originating from EllisLab's website, the parties would share the revenues generated by www.enginehosting.com. The parties orally agreed upon the rebranding efforts during a meeting in Bend, Oregon on or about August 2006.

1.

EllisLab created and first used the names and trademarks "pMachine Hosting," "EngineHosting," "www.pmachinehosting.com," and "www.enginehosting.com" in connection with web publishing software and web hosting and related services. All of these marks were based on EllisLab's trademarks for its existing software products.

1.

EllisLab was also the first to use "pMachine Hosting" and "EngineHosting" in commerce in connection with web hosting and related services.

1.

Nearly all of the parties' business dealings occurred after EllisLab's president became a resident of Oregon and after EllisLab was registered as an Oregon corporation.

1.

Since 2007, the name "EngineHosting" has been listed as an asset of EllisLab on its website, and Gippy's has never objected to this explicit statement of ownership by EllisLab.

1.

EllisLab drove the creative direction of and built the websites www.pmachinehosting.com, www.enginehosting.com (the "Hosting Websites"), the customer control panels, and all related assets, creating the seamless user experience. As such, EllisLab always exercised its right to control the quality of the use of its marks and the goods and services offered under its marks at these and other websites.

Page 5 -       AMENDED COMPLAINT

1.

In or about February, 2012, EllisLab learned that Gippy's had been secretly underpaying EllisLab on EllisLab's share of the revenues generated by the Hosting Websites.

1.

Gippy's underpaid EllisLab by underreporting the revenues generated by the Hosting Websites.

1.

Gippy's also underpaid EllisLab by signing up customers for "custom" hosting packages and unilaterally deciding to pay EllisLab nothing for the revenues generated by those customers.

1.

EllisLab also learned that on November 3, 2011, Gippy's filed trademark applications for the names "EngineHosting" and "EngineHosting Powering the Dynamic Web!" (Serial Numbers 85463800 and 85463973 respectively). Gippy's did so without informing EllisLab. Gippy's does not own either mark.

1.

Recently, the United States Patent and Trademark Office issued office actions objecting to registration of both of the pending applications. The primary objection is that the mark is not distinctive because it describes the services.

1.

EllisLab also intends to oppose the applications at the United States Patent and Trademark Office.

1.

EllisLab also learned that Gippy's has begun using the URL "www.EngineInternet.com" to generate traffic for the www.EngineHosting.com site.

1.

After learning of Gippy's wrongful actions, EllisLab attempted to work with Gippy's to resolve the issues. When EllisLab's efforts were unsuccessful, EllisLab terminated the license to Gippy's to use EllisLab's marks.

Page 6 -    AMENDED COMPLAINT

1.

Gippy's then revised its website so that it could continue to benefit from EllisLab's marks, but without paying any amounts to EllisLab.

1.

Gippy's has used "EngineInternet" and "EngineHosting" and the Hosting Websites to provide goods and provide services in competition with EllisLab's products and services in this forum and elsewhere in the United States.

1.

Gippy's also uses EllisLab's mark "ExpressionEngine" on the Hosting Websites (both visibly and in metadata to drive people searching for EllisLab's products to Gippy's website) to provide goods and provide services in competition with EllisLab's products and services in this forum and elsewhere in the United States.

1.

Gippy's unlicensed use of "EngineInternet," "EngineHosting" and "ExpressionEngine" is likely to cause confusion among consumers in the United States, including in this district.

1.

Gippy's infringing activities are targeted at the same class of consumers who purchase EllisLab's ExpressionEngine product.

1.

EllisLab's ownership of a federal trademark registration for ExpressionEngine is a matter of public record.

1.

The table below summarizes two of EllisLab's federal trademark registrations (referred to collectively as "the EllisLab's Registrations"):

Page 7 -      AMENDED COMPLAINT

| Mark | Registration Number and Reg. Date | Goods/Services |
|---|---|---|
| PMachine | Reg. No.: 3211244<br>Reg. Date: February 20, 2007 | Computer software for creating and managing web-based content. |
| ExpressionEngine | Reg. No.: 3211246<br>Reg. Date: February 20, 2007 | Computer software for creating and managing web-based content. |

1.

Registration 3211244 is valid and subsisting, and has not been canceled.

1.

A copy of United States Trademark Registration 3211244 is attached as Exhibit 1.

1.

Registration 3211244 constitutes prima facie evidence of the validity of the registered mark, and of EllisLab's ownership of said registration and mark.

1.

Registration 3211246 is valid and subsisting, and has not been canceled.

1.

A copy of United States Trademark Registration 3211246 is attached as Exhibit 2.

1.

Registration 3211246 constitutes prima facie evidence of the validity of the registered mark, and of EllisLab's ownership of said registration and mark.

1.

EllisLab is the owner of the trademarks "EngineInternet" and "EngineHosting" both under the parties' agreement and pursuant to common law.

1.

As a result of EllisLab's continuous and (but for infringement) exclusive use of its distinctive trademarks, and the commercial success of its goods and services provided under those marks, EllisLab has achieved significant brand name recognition in its marks (the "EllisLab's marks").

Page 8 -    AMENDED COMPLAINT

1.

The EllisLab's marks have come to represent the valuable goodwill and reputation of EllisLab in the market for high quality goods and services including those identified in the EllisLab's Registrations listed above and other related goods and services.  As a result, the consuming public has come to expect that such goods and services marketed and sold under the EllisLab's marks, or confusingly similar names, are associated with EllisLab.

1.

Gippy's does not offer for sale any of EllisLab's products.

1.

Gippy's use of EllisLab's marks and confusingly similar names is likely to and does cause consumer confusion.  Users will falsely assume that Gippy's is authorized to use EllisLab'ss marks, or is affiliated with and may offer EllisLab's products.  Furthermore, Gippy's offers a competitive line of services and products (including add-on applications) for sale.  Consumers will falsely assume that Gippy's products have the same qualities and attributes as EllisLab's software and other products sold under the EllisLab's marks and/or are sponsored or licensed by, or affiliated with, EllisLab.

1.

Gippy's seeks and receives a direct material benefit from its use of EllisLab's marks.

**FIRST CLAIM FOR RELIEF**

**(Breach of Contract)**

1.

EllisLab realleges and restates the foregoing paragraphs.

1.

The parties had a licensing agreement that in exchange for the license to use EllisLab's marks and the ability to receive customers from EllisLab's website, they would share the revenues generated by www.pmachinehosting.com and www.enginehosting.com.

Page 9 -        AMENDED COMPLAINT

1.

Gippy's materially breached the parties' licensing agreement by underreporting revenues and customers, and thereby underpaying EllisLab.

1.

EllisLab performed under the parties' licensing agreement.

1.

As a result of Gippy's breaches of the parties' licensing agreement, EllisLab revoked Gippy's license to use EllisLab's marks and all derivatives of EllisLab's marks.

1.

As a result of Gippy's breaches of the parties' licensing agreement, EllisLab has suffered damages in an amount to be proven at trial but exceeding $75,000, plus prejudgment interest thereon.

## SECOND CLAIM FOR RELIEF

### (Federal Trademark Infringement – 15 U.S.C. §§ 1114(1)(a) and 1116(d))

1.

EllisLab realleges and restates the foregoing paragraphs.

1.

Gippy's use of EllisLab's marks and words confusingly similar to the EllisLab's marks, including EllisLab's federally registered trademark "ExpressionEngine" (Registration No. 3211246), is a use in commerce of EllisLab's marks that is likely to cause consumer confusion or mistake, or to deceive.

1.

Gippy's activities have caused and are likely to cause irreparable injury to EllisLab, its business reputation, and the goodwill associated with its business.  EllisLab has no adequate remedy at law and will be irreparably injured unless and until Gippy's is preliminarily and permanently enjoined from using EllisLab's marks and words confusingly similar to the EllisLab's marks.

1.

Gippy's is thus liable under 15 U.S.C. § 1114(1)(a) for infringement of EllisLab's registered marks.

1.

Gippy's website uses counterfeits of EllisLab's marks as defined in 15 U.S.C §1116.

1.

Pursuant to 15 U.S.C. § 1117(a), EllisLab is entitled to recover Gippy's profits and the costs of the action.

1.

Because Gippy's actions in using EllisLab's registered marks was intentional and in bad faith, the Court should enter an award of enhanced damages under 15 U.S.C. § 1117(a)(3) in an amount up to three times the actual damages.

1.

This case is exceptional under 15 U.S.C. § 1117(a)(3), and EllisLab should be awarded its reasonable attorney fees and other damages for Gippy's use of a counterfeit mark.

1.

In addition, because EllisLab's remedies under 15 U.S.C. § 1117(a), while necessary, are not sufficient to fully protect EllisLab's continuing interest in preserving its marks against future infringement by Gippy's, EllisLab is entitled to an injunction against Gippy's use in the future of EllisLab's marks, or any colorable imitation or confusingly similar variation of EllisLab's marks, including specifically "pMachine Hosting," "Engine Hosting," "EngineInternet," "www.pmachinehosting.com," "www.enginehosting.com," and "www.EngineInternet.com," in any advertisement for the sale of any product other than genuine EllisLab products.

1.

Pursuant to 15 U.S.C. § 1117(c), EllisLab is entitled to recover up to $100,000 per counterfeit mark per the service sold as the court considers just.

## THIRD CLAIM FOR RELIEF

### (Federal Unfair Competition/False Designation of Origin, 15 U.S.C. § 1125(a); Lanham Act § 43(a))

1.

EllisLab realleges and restates the foregoing paragraphs.

1.

Gippy's use of the EllisLab's marks and names confusingly similar to EllisLab's marks is a use in commerce in connection with Gippy's products that is likely to cause consumer confusion or mistake, or to deceive as to the affiliation, connection, association, sponsorship, or approval of Gippy's goods by EllisLab.

1.

Gippy's activities have caused and are likely to cause irreparable injury to EllisLab, its business reputation, and the goodwill associated with its business.  EllisLab has no adequate remedy at law and will be irreparably injured unless and until Gippy's is preliminarily and permanently enjoined from using EllisLab's marks and words confusingly similar to the EllisLab's marks.

1.

Gippy's is thus liable under 15 U.S.C. § 1125(a) for unfair competition.

1.

Pursuant to 15 U.S.C. § 1117(a), EllisLab is entitled to recover Gippy's profits and the costs of the action.

1.

Because Gippy's actions were intentional and in bad faith, the court should enter an award of enhanced damages under 15 U.S.C. § 1117(a)(3) in an amount up to three times the actual damages.

1.

This case is exceptional under 15 U.S.C. § 1117(a)(3) and EllisLab should be awarded its reasonable attorney fees.

1.

In addition, because EllisLab's remedies under 15 U.S.C. § 1117(a), while necessary, are not sufficient to fully protect EllisLab's continuing interest in preserving its marks against future acts of unfair competition by Gippy's, EllisLab is entitled to an injunction against Gippy's use in the future of EllisLab's marks, or any colorable imitation or confusingly similar variation of EllisLab's marks, including specifically "pMachine Hosting," "Engine Hosting," "EngineInternet," "www.pmachinehosting.com," "www.enginehosting.com," and "www.EngineInternet.com," for any advertisement for the sale of any product other than genuine EllisLab products.

## FOURTH CLAIM FOR RELIEF

### (Federal Unfair Competition/False Advertisement, 15 U.S.C. § 1125(a); Lanham Act § 43(a))

1.

EllisLab realleges and restates the foregoing paragraphs.

1.

By using EllisLab's marks to lead consumers to Gippy's website, Gippy's has made statements of fact in commercial advertisement or promotion that are false and are likely to mislead or confuse consumers about EllisLab's products.

1.

Gippy's has used the EllisLab marks in interstate commerce, and the use has the tendency to deceive a substantial segment of its audience and are likely to influence the purchasing decision. As such, Gippy's is in violation of 15 U.S.C. § 1125(a).

1.

Gippy's false and misleading actions have materially injured and continue to injure EllisLab's business by, including but not limited to, depriving EllisLab of sales and customers, injuring EllisLab's reputation and goodwill, and causing EllisLab to sustain monetary damages, loss and injury.

1.

Gippy's has engaged in and continues to engage in these activities knowingly and willfully.

1.

Gippy's activities have caused and are likely to cause irreparable injury to EllisLab, its business reputation, and the goodwill associated with its business. EllisLab has no adequate remedy at law and will be irreparably injured unless and until Gippy's is preliminarily and permanently enjoined from making false statements in connection with advertising related to Gippy's business.

1.

Upon information and belief, Gippy's committed the acts alleged with the intent to cause confusion, or to cause mistake, or to deceive. Under such circumstances, damages should be increased by three times the actual damage and reasonable attorney fees and costs should be assessed under 15 U.S.C. § 1117.

## PRAYER FOR RELIEF

WHEREFORE, EllisLab prays for judgment as follows:

1. Awarding EllisLab up to three times Gippy's profits and up to three times the amount found as actual damages for Gippy's infringement of EllisLab's registered and common law marks, and unfair competition as stated herein.

2. Entering an injunction against (a) Gippy's use in the future of EllisLab's registered marks, or any colorable imitation or confusingly similar variation of EllisLab's marks, in any advertisement for the sale of any good or service other than genuine EllisLab products, and (b) any other infringing use such as in or as the title for any advertisement for the sale of any product other than genuine EllisLab products.

3. Entering an order to the Commissioner of the United State Patent and Trademark Office to refuse to register and abandon Gippy's applications for the trademarks covered by Serial Numbers 85463800 and 85463973;

4. Awarding EllisLab its costs of the action and its reasonable attorney fees; and

Page 14 -    AMENDED COMPLAINT

     5.    Awarding EllisLab such other and further relief as the court deems equitable, just, and appropriate.

EllisLab hereby demands a trial by jury on all issues raised by the Complaint so triable.

DATED this 23rd day of April, 2012.

                  MARKOWITZ, HERBOLD, GLADE
                     & MEHLHAF, P.C.


          By:   */s/ Stacy R. Owen*
                 Matthew A. Levin, OSB #003054
                 MattLevin@MHGM.com
                 Stacy R. Owen, OSB #074826
                 StacyOwen@MHGM.com
                 (503) 295-3085
                 Of Attorneys for Plaintiff

ELLIGI\291561_2

**Page 15 -**    **AMENDED COMPLAINT**

## ATTORNEY CERTIFICATE OF SERVICE

I hereby certify that on April 23, 2012, I have made service of the foregoing **AMENDED COMPLAINT** on the party/ies listed below in the manner indicated:

Christopher K. Sandberg  ☒ U.S. Mail
Lockridge Grindal Nauen P.L.L.P.  ☐ Facsimile
Suite 2200  ☐ Hand Delivery
100 Washington Avenue South  ☐ Overnight Courier
Minneapolis, MN 55401-2159  ☒ Email
Ph: (612) 339-6900  ☐ Electronically via USDC CM/ECF system
cksandberg@locklaw.com

DATED this 23rd day of April, 2012.

*/s/ Stacy R. Owen*
_____
Stacy R. Owen, OSB #074826
StacyOwen@MHGM.com
Attorney for Plaintiff

Page 16 -    AMENDED COMPLAINT