IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

ELLISLAB, INC., an Oregon corporation,   CV No.: 3:12-cv-00432-HU
    Plaintiff,

v.

GIPPY'S INTERNET SOLUTIONS, L.L.C.,
    a Minnesota limited liability company,   **DECLARATION OF**
    Defendant.   **NEVIN LYNE**

1. I am the Founder and Director of Technology of Gippy's Internet Solutions, LLC ("Gippy's").

2. Gippy's is an internet technology consulting company focused on the high performance web server, virtualization, distributed GeoIP content distribution services, and SaaS infrastructure needs of primarily niche industries on the Internet.

3. Gippy's is a small, closely held business. My wife and I are the only members of the LLC, and Gippy's has a total of 6 employees.

4. Gippy's corporate operations are all run from Minnesota, either in Rochester or Minneapolis.

5. All of Gippy's employees are located in Minnesota, Washington, Texas, or Missouri.

6. Gippy's conducts a majority of its business in Minnesota, and website development and administration, and billing are done in Minnesota. All customer support is handled from Minnesota, Washington, Texas, or Missouri.

7. The *www.enginehosting.com* website is physically located in Minnesota.

8. The equipment on which the websites hosted by Gippy's for third party clients reside in Minnesota, with secondary services located on equipment in California and Virginia.

PAGE 1 - DECLARATION OF NEVIN LYNE

9. In mid-2002, I met with Rick Ellis in Glendale, California, at the Glendale Galleria, and we discussed setting up a new hosting service. We reached a loose, oral agreement under which EllisLab would receive 40% of revenues realized by Gippy's on Gippy's shared hosting services, housed on single physical web servers already being used to house Gippy's existing web hosting clients.

10. In approximately 2005, the agreement was changed from 60% for Gippy's and 40% for EllisLab to a split of 70% for Gippy's and 30% for EllisLab of shared hosting revenues – that change was mutually agreed upon by both parties.

11. In March of 2007, through a series of written emails between Rick Ellis and me, Gippy's and EllisLab entered into a new agreement regarding revenue sharing between our respective companies. That new agreement was based new hosting offerings by Gippy's (moving above shared hosting services), Gippy's larger and larger hosting needs, and the greater costs being incurred by Gippy's. The new agreement provided for retaining the original 70-30 revenue split for shared hosting, established for the first time a 80-20 split for shared hosting "pro" provided on larger servers and a 90-10 split for virtual load-balanced services, and continued to exclude dedicated load-balanced services from any splitting.

12. Rick Ellis agreed to those new, replacement terms on behalf of EllisLab.

13. Gippy's has paid EllisLab on the basis of the parties' March 2007 agreement ever since, without complaint by EllisLab regarding the calculations of the revenue splitting until shortly before the initiation of this lawsuit. Those payments have all come from a bank account in Minnesota, and the checks have been written in and mailed from Minnesota.

14. In January 2007 Gippy's selected, registered and developed the ENGINEHOSTING name after urging from EllisLab to change Gippy's name to something more marketable than Gippy's Internet Solutions, and the gippy.net domain name. Gippy's secured EllisLab's agreement to Gippy's going forward with its web hosting business under the name ENGINEHOSTING. Gippy's is the only entity using ENGINEHOSTING in commerce, and I believe Gippy's is the sole owner of all the intellectual property rights in the ENGINEHOSTING name.

15. Based upon a review of Gippy's records, there have been between 90 and 110 clients that have signed up from the state of Oregon in the 10 years since Gippy's began working with EllisLab.

16. The total number of Gippy's clients is approximately 6900, which perhaps 50 are non-paying accounts.

PAGE 2 - DECLARATION OF NEVIN LYNE

17. Clients in Oregon have, over the last 10 years, represented about 1.5% of Gippy's hosting clients.

18. Only a fraction of Gippy's clients purchase EllisLabs' software, as part of their package from Gippy's, so the percentage of clients represented by Oregon-based clients who have purchased EllisLabs' software due to Gippy's work is far less than the 1.5%.

19. All these figures represent simply the number of Gippy's clients, not any percentage of Gippy's revenue. Gippy's has never had a major (high priced) client from Oregon, and virtually all of the Oregon clients have been in the $10 to $20 per month range.

20. I believe that Gippy's overall revenue from Oregon-based clients is a fraction of a percent of Gippy's overall revenues.

21. Gippy's has never made any specific effort to go after businesses in Oregon for web hosting services. I do not know of any interest of Oregon businesses that would drive them to Gippy's, nor do I know any particular facet of Oregon businesses that would make Gippy's hosting attractive to them as opposed to businesses in any other state.

22. Gippy's has never been registered or licensed to do business in Oregon. Gippy's has never paid any taxes to Oregon. Gippy's does not now and has never had a bank account in Oregon.

23. Gippy's has never targeted any print, television, or radio advertising toward Oregon.

24. Gippy's would suffer an unreasonable burden if it were to have to litigate in Oregon. Gippy's has no operations, employees, or facilities in Oregon. All documents relevant to EllisLabs' claims are located in Minnesota, as are all of the Gippy's personnel who would be needed to produce documents, respond to any other discovery, and serve as witnesses in this matter.

25. Gippy's is a small, privately held business. Gippy's had less than $1.3 million of total revenues in 2011.

PAGE 3 - DECLARATION OF NEVIN LYNE

## DECLARATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury, under the laws of the United States, that my statements above are true and correct.

_5/1/2012_
Date

_[signature]_
Declarant's Signature

PAGE 4 - DECLARATION OF NEVIN LYNE