IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

ELLISLAB, INC.,
an Oregon Corporation,

            Plaintiff,

    v.

GIPPY'S INTERNET SOLUTIONS, LLC,
a Minnesota limited liability company,

            Defendant.

3:12-cv-00432-HU

ORDER

Matthew A. Levin
Stacy R. Owen
MARKOWITZ HERBOLD GLADE & MEHLHAF, PC
1211 S.W. Fifth Avenue, Suite 3000
Portland, OR 97204

    Attorneys for Plaintiff

Christopher K. Sandberg
LOCKRIDGE GRINDAL NAUEN PLLP
100 Washington Ave So., #2200
Minneapolis, MN 55401

Jeffrey A. Bowersox
BOWERSOX LAW FIRM, P.C.

1 - ORDER

5285 Meadows Road, Suite 320
Lake Oswego, OR 97035

      Attorneys for Defendant

HERNANDEZ, District Judge:

      Magistrate Judge Dennis J. Hubel issued a Findings and Recommendation ("F&R") (doc. #23) on September 18, 2012, recommending that the motion to dismiss for lack of personal jurisdiction pursuant to rule 12(b)(2) of the Federal Rules of Civil Procedure ("Rule"), or in the alternative, motion to transfer venue (doc. #7) filed by Gippy's Internet Solutions, LLC ("Gippy's") be denied.

      Gippy's timely filed objections to the Magistrate Judge's F&R. The matter is now before me pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b). When any party objects to any portion of the Magistrate Judge's F&R, the district court must make a <u>de novo</u> review of that portion. 28 U.S.C. § 636(b)(1); <u>Dawson v. Marshall</u>, 561 F.3d 930, 932 (9th Cir. 2009); <u>United States v. Reyna-Tapia</u>, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

      Gippy's contends that Judge Hubel ignored facts showing that specific jurisdiction does not exist. I disagree with Gippy's. Judge Hubel considered the relevant facts and properly determined that this court has specific jurisdiction.

      Gippy's also makes much of Judge Hubel's "affirmative" answer to the following question: "But for [Gippy's] contacts with Oregon, would [EllisLab, Inc.'s ("Plaintiff's")] claims against Defendant have arisen?" F&R, p. 11. Based on Judge Hubel's reasoning and ultimate determination that specific jurisdiction exists, it is clear that Judge Hubel meant to answer the question in the negative, but mistakenly answered it in the positive. This simple mistake, however, does not upend Judge Hubel's finding of specific jurisdiction.

2 - ORDER

Gippy's asserts that Judge Hubel erred because Gippy's and Plaintiff had an agreement "requiring that jurisdiction be retained in Minnesota" as evidenced by the "fact that Gippy's has required every one of its customers with Oregon credit card billing addresses to agree that their relationship with Gippy's is solely governed by the laws of the State of Minnesota". Objections to F&R on Mot. to Dismiss ("Objections"), p. 4. The portion of the record on which Gippy's relies shows that Gippy's "require[d] all its small hosting customers . . . to agree to [a] . . . Master Service Agreement [("Agreement")]" that contained a provision stating that "[e]xclusive venue for all disputes arising out of the Agreement shall be in the state or federal courts in Hennepin County, Minnesota". Supplemental Decl. of Nevin Lyne[1] ("Lyne Decl."), ¶ 7; Id., Ex. A, ¶ 28. The Lyne Declaration further states that Lyne "would have insisted on a similar clause with [Plaintiff] had the issue come up." Id., ¶ 7.

The portion of the record on which Gippy's relies simply does not support the conclusion that the court lacks specific jurisdiction. Gippy's presents no evidence showing that Plaintiff entered into any agreement requiring Plaintiff to litigate disputes in Minnesota. In addition, the amended complaint does not allege that Plaintiff is one of Gippy's hosting customers. Rather, the amended complaint alleges that Plaintiff is a software company which "agreed that in exchange for the license to use [Plaintiff's] marks and the ability to serve customers originating from [Plaintiff's] website, [Plaintiff and Gippy's] would share the revenues generated by www.pmachinehosting.com", a separate website where "customers could purchase web hosting services tailored to work with [Plaintiff's] web publishing software, as well as packages that bundled together both [Plaintiff's] software and the web hosting services [offered by Gippy's]". Am. Compl., pp. 1-2, 4. The fact that Gippy's had agreements with customers requiring them to litigate disputes in Hennepin County, Minnesota, does not necessarily lead to the conclusion that

---

[1] Lyne is Gippy's "Founder and Director of Technology of Gippy's". Lyne Decl., ¶ 1.

Gippy's also had the same forum selection provision with Plaintiff, an entity with which Gippy's shared revenues. Indeed, Lyne's own statements indicate that no such agreement was ever made where she stated that "had the issue come up", she "would have insisted on a similar clause with [Plaintiff]". See Lyne Decl., ¶ 7. The forum selection provision that Gippy's had with customers and Lyne's speculative statement that she would have insisted on a similar clause with Plaintiff had the issue come up, without more, simply do not establish the absence of specific jurisdiction.

Finally, Gippy's disagrees with Judge Hubel's finding that the exercise of jurisdiction is reasonable. I, however, agree with Judge Hubel's reasoning and conclusion that the exercise of jurisdiction is reasonable under the circumstances here.

I have carefully considered Gippy's objections and have reviewed the pertinent portions of the record de novo. I accept Judge Hubel's F&R with the exception that I change Judge Hubel's "affirmative" answer discussed above to "no".

## CONCLUSION

Based on the above, the Court ADOPTS, in part, Judge Hubel's F&R (doc. #23). Gippy's motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2), or in the alternative, motion to transfer venue (doc. #7) is DENIED.

IT IS SO ORDERED.

DATED this 15 day of Nov, 2012.

MARCO A. HERNANDEZ
United States District Judge

4 - ORDER